# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES FITZPATRICK,

    Plaintiff,

v.                                                            No. 18-cv-0794 WJ/CG

NINTH JUDICIAL DISTRICT COURT, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on James Fitzpatrick's Amended 28 U.S.C. § 2254 Habeas Petition (**Doc. 4**). Fitzpatrick argues his state murder sentence is excessive. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will dismiss the Petition as meritless.

## Background

This case arises from a fatal shooting in 2010. Fitzpatrick contends he accidentally shot the victim. She remained in the hospital for about 30 days after the incident, when her family members chose to discontinue life support. Fitzpatrick was charged with first-degree murder in New Mexico's Ninth Judicial District Court (State Court), Case No. D-905-CR-2010-654.[1] He eventually pled guilty to second-degree murder, and the State Court sentenced him to fifteen years imprisonment. The final three years were suspended, and Fitzpatrick was instead placed on three years of supervised probation. In other words, the "total sentence" consisted "of twelve (12) years

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

incarceration followed by three (3) years of supervised probation." Shortly after entry of the Judgment, Fitzpatrick filed a motion to reconsider the sentence. That motion remained pending until July 18, 2017, when the State Court denied the motion.

Fitzpatrick filed the federal § 2254 proceeding in August 15, 2018. Although the original filing appeared on the form prisoner civil rights complaint, he clearly challenged his state sentence as "illegal" and "unduly harsh." (**Doc. 1 at 2**). The Court (Hon. Carmen Garza) therefore entered a "*Castro* Order" informing Fitzpatrick that his filing would be construed as a habeas petition under 28 U.S.C. § 2254. (**Doc. 2**). The Court also sent him a form § 2254 petition and allowed him to amend his pleading "so that it contains all of the § 2254 claims he believes he has." *Id.* (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)). Fitzpatrick filed an Amended Petition, which consists of two handwritten, barely legible pages. He reasserts the excessive-sentence claim and appears to allege: (1) the prosecutor agreed not to charge Fitzpatrick for murder if the victim died, but later reneged; (2) the victim's death was "on [her] family" because they discontinued life support; (3) the prosecutor used "fake evidence" to obtain a conviction; and (4) all court officials involved in the criminal prosecution were biased. (**Doc. 4 at 1-2**). Fitzpatrick paid the $5 filing fee, and the matter is ready for initial review.

## Discussion

The Amended Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.* To survive initial review under § 2254, a

petitioner must allege facts showing his state conviction or sentence violates federal law.  *See* 28 U.S.C. § 2254 (relief is available where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States").

The Amended Petition here clearly reflects that Fitzpatrick is not entitled to habeas relief. His primary argument – excessive sentencing – is meritless.  Challenges to a state sentencing decision are generally not "constitutionally cognizable" in habeas proceedings "unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law."  *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).  In other words, federal "review of a sentence ends" if "the sentence is within the limitation set by statute."  *Id.*  Fitzpatrick pled guilty to second degree murder in violation of N.M.S.A. 1978 § 30-2-1(B).  In New Mexico, that crime "carries a basic penalty of fifteen years in prison."  *State v. Candelaria*, 434 P.3d 297, 301 (N.M. 2018). Thus, Fitzpatrick's sentence (fifteen years, with three suspended) is not excessive.[2]

Fitzpatrick's arguments about the State Court and the prosecutor also plainly fail. He alleges the prosecutor agreed not to charge Fitzpatrick for murder and used "fake evidence" to obtain the conviction.  Prosecutors have the sole discretion to make charging decisions, *see Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978), and, in any event, there is no authority allowing Federal Courts to vacate a state conviction because a prosecutor initially agreed not to pursue murder charges, but changed course later in the investigation.  As to the "fake evidence" and bias claims, Fitzpatrick was not convicted following a jury trial.  The state docket reflects Fitzpatrick accepted responsibility for second-degree murder, after the charges were "reduced from Murder

---

[2]  Fitzpatrick also appears to argue the sentence should be corrected or reduced under Fed. R. Crim. P. 35.  That rule governs federal sentences and has no bearing on this proceeding.

in the 1st Degree." Plea and Disposition Agreement entered May 23, 2011 in Case No. D-905-CR-2010-654. In fact, he was explicitly notified of the penalty in the plea agreement, which state: "For Murder in the 2nd Degree, Defendant recognizes that his exposure is up to 15 years incarceration and a $12,500 fine." *Id.* While Fitzpatrick is disappointed he did not receive the minimum sentence, his subjective expectations do not demonstrate fraud or bias.

Fitzpatrick's final argument – that he is not responsible for the victim's death because her family discontinued life support – is frivolous. The Court will therefore dismiss the Amended Petition with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Fitzpatrick has not "made a substantial showing of the denial of a constitutional right" or demonstrated reasonable jurists would find this ruling debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED** that Amended 28 U.S.C. § 2254 Habeas Petition (**Doc. 4**) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE